GRANT, respondent, *v.* SPENCER et al., appellants.

STATUTORY CONSTRUCTION — *act relating to grounds for refusing new trial is directory.* Section 196 of the civil practice act, requiring the court to state in writing the grounds on which a new trial is refused, is directory. The failure of the court to state such grounds in this case did not injure the appellants.

PROMISSORY NOTE — *notice of non-payment not waived by presence of indorser.* The presence of one of the indorsers of a note, when the holder presents it to the maker at maturity for payment, does not waive a regular notice of its non-payment to the indorsers.

*Appeal from the First District, Madison County.*

ON April 28, 1868, Grant commenced this action in the district court against three defendants, on the following instrument:

"$700 Gold.

VIRGINIA CITY, M. T., *October* 1, 1867.

On the 1st day of March, 1868, for value received, I promise to pay Spencer, Harrison & Co., or order, the sum of $700 in good gold dust or United States currency, at cur-

rent rates, with interest from date until paid, at the rate of five (5) per cent per month.

J. B. CHAPIN."

[Stamp.]

Indorsements:

"We hereby transfer the within note to J. M. Grant, Virginia City, M. T., December 7, 1867.

SPENCER, HARRISON & CO."

The payments indorsed thereon amounted to $392.50.

A jury trial was waived and the case was tried by the court, HOSMER, J., in June, 1868, and judgment was rendered for plaintiff for $698, which was to bear interest at the rate of 5 per cent per month until paid. The defendant's motion for a new trial was not heard until May, 1869, when the court, WARREN, J., overruled the same, without stating in writing the grounds therefor, and defendants appealed.

The statute of Montana, relating to indorsers on promissory notes, is as follows:

"Indorsers of   *   *   *   promissory notes shall be contingently liable only, until after they shall have been notified of the presentation and non-payment thereof, at maturity, by the person or persons primarily liable for their payment."

"In order to make the contingent liability of any indorser of any   *   *   *   promissory note absolute, it shall be necessary for the holders of the paper to cause it to be presented at the place where, by its terms, it is payable, if any place of payment be therein or thereon specified, and if no place of payment be specified, then to the person himself who is primarily liable for the payment; and, if payment thereof, on such presentation at maturity, be neglected or refused, to cause a written or printed, or partly written and partly printed, notice of such presentation, demand and non-payment, briefly describing the   *   *   *   note, to be served immediately thereafter upon the indorser, unless the same shall be protested in the usual manner by a notary public; in which case the official certificate of protest of such officer, made on the day

of protest, inclosed in letter form, and deposited, post-paid, in the post-office, directed to such indorser at his usual place of residence, will charge him in the same manner."

During the argument of the case, the respondent remitted all interest on the judgment, in excess of ten per centum per annum.

The other facts are stated in the opinion.

H. N. BLAKE, for appellants.

The court should have stated in writing the grounds on which the new trial was refused. Civ. Pr. Act, 1867, § 196.

The statement shows the following facts: That no false representations were made to respondent by appellants concerning the note; that respondent neglected to collect the same from the maker, because he was obtaining five per cent per month interest; that respondent bought the note on his own judgment, and that the note was not protested until two months after maturity.

The pleadings of the parties treat the instrument sued on as a negotiable promissory note. Complaint and answer.

The appellants were indorsers upon the note and entitled to notice of the presentation and non-payment thereof at maturity by the maker. Acts 1865, 343, §§ 5, 6.

The instrument sued on possesses all the elements of a negotiable promissory note. The amount to be paid on the note is fixed in it, and also by the statute. 1 Pars. on Notes & Bills, 30, ch. 3; Acts 1865, 338, § 1.

The rate of interest on the judgment should be ten per centum per annum. *Griffith* v. *Hershfield, ante,* 66.

DAVIS & THOROUGHMAN, for respondent.
No brief on file.

SYMES, J. This was an action on a promissory note — holder against indorsers — tried at the Madison county district court in June, 1868, before the court, and judgment given for plaintiff for amount due on note. Motion for new trial overruled, and case brought up on statement for new trial and order overruling same.

The complaint alleges that one Chapin, on the 1st of October, 1867, executed to the defendants his promissory note, due the 1st of March, 1868, for $700 in gold, with interest at five per cent per month until paid. That on the 7th of October, 1867, defendants indorsed said note to plaintiff; that plaintiff presented said note when due to said Chapin, and he paid $207.50 on same, but failed to pay more at that time, and that defendants had notice thereof; that on the 9th and 29th days of March, plaintiff called on said Chapin and demanded payment of said note, and on the 9th Chapin paid $100, and on the 29th, $85, but has since failed to pay balance due; that plaintiff protested note, and gave notice to defendants.

The answer admits indorsement of note; denies payment was refused, and states that when plaintiff presented note, Chapin asked plaintiff how much money he needed, and plaintiff said $200 would do him, and Chapin paid him $207.50; that on the 9th of April plaintiff called again, and received $100; and, on the 29th, called with defendant Spencer, and demanded payment, and received $85; deny notice of refusal to pay, and allege that they asked plaintiff several times if he had collected note, and he replied that he did not want the money, and it was drawing five per cent a month; deny owing plaintiff any sum, and ask judgment for costs.

The evidence in statement for new trial shows that note was indorsed by defendants; that when note became due, defendant Spencer went with and introduced plaintiff to maker of note, to demand payment of same, which he did; that Chapin did not refuse to pay note, but asked plaintiff how much money he wanted; plaintiff replied $200 would do him, and Chapin paid him $207.50; that on the 9th of April, '68, he called again and received $100 — all he demanded — and that on the 29th he called with defendant Spencer, and demanded payment; Chapin replied he was a little hard up, and asked plaintiff how much money would do him then; plaintiff said $85 would answer, but he must have balance soon; Chapin paid him $85. Two

witnesses testified that plaintiff said he did not want to draw money on note, for it was drawing five per cent a month, and he considered Chapin good as the bank. Note was not protested until two months after due, and three payments had been made on same, and no notice given of non-payment, except two months after due. Plaintiff testified and did not contradict foregoing statement of evidence as to protest, notice, etc.

The errors assigned on denying motion for new trial are, 1. That the court erred in not stating grounds for refusing new trial in writing; 2. In finding, from the facts, that plaintiff was entitled to recover, and that defendants were liable as indorsers; 3. In finding that plaintiff was entitled to five per cent per month on judgment.

Section 196, Civil Code, which provides that the court or judge shall state in writing the grounds upon which a new trial is granted or refused, is directory, and it is not seen how the appellants were prejudiced by the grounds not being specially stated in writing. This case was tried by the court, and the question is, does the evidence or facts contained in the statement for new trial support the findings of court, that the plaintiff was entitled to recover against the defendants the amount due on the note as indorsers thereof. It was admitted that the writing in this case is a negotiable promissory note. To hold an indorser the note must be presented to maker at maturity and payment demanded, and if neglected or refused, notice given within reasonable time to indorser. The note in this case was presented at maturity by the holder, in the presence of one of the indorsers, to the maker for payment, who did not refuse to pay, but asked holder how much money he wanted; he said $200 would do him, and maker paid him $207.50. Some time after holder again presented note for payment and received $100 on same, and again (on 29th of April) presented note in presence of indorser and received $85 on same, the amount he said would do him at the time, but he must have balance in short time. There was no protest or notice under two months after note became due to indorser that payment

had been refused, or that holder looked to indorsers for payment ; but proof that holder told indorsers and others, after presentment and receiving $207.50, that he did not want to collect the money as it was drawing five per cent a month and maker was good as bank. Then if there was no regular notice, was the presence of the indorser, when demand was made, constructive notice, or such knowledge as would excuse notice, or any waiver of same ? We think not. "Knowledge in fact is no excuse for regular notice." 1 Pars. on Bills & Notes, 521. And where the drawer of a bill undertook to present it after maturity, although attempts had been made by indorser to procure payment, it was held no waiver of notice. Pars. on Bills & Notes, 521. The expression in a conversation that note would be paid was held not sufficient to prove waiver of notice, or promise to pay or see it paid. 17 Pick. 332. There is in the statement no evidence to prove that there was notice or protest under two months, or that there was any waiver or promise to pay by indorsers ; and the court erred in finding the defendants responsible as indorsers and in overruling motion for new trial. Whether verbal notice is good under our statute may be questionable, but the point is not raised in this case. The third error assigned is the finding that plaintiff was entitled to five per cent per month interest on judgment. It has been decided in this court (but I believe since the rendition of this judgment) that a judgment could draw but ten per cent. But plaintiff appeared in this court and remitted all over ten per cent, which would have prevented defendants from being prejudiced thereby.

Judgment reversed and new trial ordered.

*Exceptions sustained.*